# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RUSSELL TINSLEY,** | **Civil Action No.  23-734 (MCA)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM & ORDER** |
| **STATE OF NEW JERSEY DEPARTMENT OF HUMAN SERVICES, et al.,** | |
| **Defendants.** | |

This matter comes before the Court on Plaintiff Russell Tinsley's motion for an extension of time to submit an amended complaint and for reconsideration of the Court's Memorandum Opinion and Order dismissing his federal claims without prejudice under 28 U.S.C. § 1915(e)(2)(B).  (*See* ECF No. 15.)

Plaintiff is civilly committed as a Sexually Violent Predator ("SVP") and resides at the Special Treatment Unit ("STU") in Avenel, New Jersey.  On February 25, 2025, the Court screened Plaintiff's civil rights complaint pursuant to its screening authority under § 1915(e)(2)(B) and dismissed the federal claims brought pursuant to 42 U.S.C. § 1983 for failure to state a claim for relief, declined supplemental jurisdiction under 28 U.S.C. § 1367(c)(3), and terminated the motion for pro bono counsel.  The Court permitted Plaintiff to file a motion to reopen this matter and submit an Amended Complaint within 45 days as to those claims the Court dismissed without prejudice.  (*See* ECF Nos. 13-14.)

Plaintiff filed a letter request for an extension of time dated February 28, 2025, and an undated motion for an extension of time on March 10, 2025, which alternatively seeks reconsideration of the Court's February 25, 2025 Order.  (ECF Nos. 16, 15.)  Plaintiff also filed

an Amended Complaint on April 3, 2025 (ECF No. 17), followed by two additional submissions, which purport to supplement or amend that Amended Complaint.  (ECF Nos. 18-19.)

The Court first addresses the motion for reconsideration.  The Court construed Plaintiff's original complaint to allege claims under 42 U.S.C. § 1983, including denial of adequate sex offender treatment (namely, the failure to advance Plaintiff in treatment on the basis of his race), First Amendment retaliation, denial of access to the courts, and various conditions of confinement claims.  As noted above, the Court dismissed these claims without prejudice and provided Plaintiff with leave to amend.  Plaintiff appears to seek reconsideration because the Court did not construe him to raise a claim challenging the validity of his commitment at the STU and seeking immediate release from confinement.  As explained by Plaintiff,  "[n]ot only the lawsuit is [sic] claiming Tinsley should not be detained in the ("STU") "Shadow Prison" facilities, but he should not have been sent there in the first place."  (ECF No. 15 at 8, ¶ 13.) Plaintiff argues that his original complaint "should have been accepted as an emergency filing to halt civil commitment detention of Mr. Tinsley and for his challenge to his Pennsylvania and New Jersey's punishment of him wrongfully is directly related to all the defendants violates his constitutional rights."[1]  (*Id.* at ¶ 14.)

Plaintiff brought this civil action under 42 U.S.C. § 1983.  As explained by the Supreme Court *in Muhammad v. Close*, 540 U.S. 749, 750 (2004), "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. §

---

[1] It is unclear what Plaintiff means by the latter part of this sentence.  As explained below, Plaintiff has filed habeas actions in both New Jersey and Pennsylvania, respectively challenging his civil commitment in New Jersey and a Pennsylvania conviction that appears to serve as a predicate crime for his civil commitment, and he believes his challenges are related to this civil rights case.

1983." As a general matter, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," *id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)), and "requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* An individual in state custody, however, cannot use a § 1983 action to challenge the fact or duration of his confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). "He must seek federal habeas corpus relief (or appropriate state relief) instead." *Id; see also Muhammad v. Close*, 540 U.S. at 750 ("[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action) (citing *Preiser*, 411 U.S. at 500)). Under well-established law, a § 1983 action is barred if the plaintiff's success in the action would necessarily demonstrate the invalidity of the confinement or its duration. *See Wilkinson*, 544 U.S. at 81–82; *id.* at 79 (plaintiff may not use § 1983 to seek "immediate release from prison," or the 'shortening' of his term of confinement").

This same analysis applies to those involuntarily committed in state institutions. *See Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975) ("There is no question about the appropriateness of habeas corpus as a method of challenging involuntary commitment to a mental institution"); *see also Buthy v. Com'r of Office of Mental Health of New York State*, 818 F.2d 1046, 1051–52 (2d Cir. 1987); *Greist v. Norristown State Hospital*, No.CIV.A. 96–CV–8495, 1997 WL 661097 (E.D. Pa. Oct. 22, 1997). A plaintiff can bring claims about his civil commitment under § 1983, however, where those claims do not seek to invalidate his civil commitment or obtain immediate release from civil commitment (or a shorter civil commitment period). *See Aruanno v. New Jersey*, 215 F. App'x 157, 158 (3d Cir. 2007) (relying on *Wilkinson*, 544 U.S. at 78).

Because Plaintiff claims necessarily seek to invalidate the basis for his civil commitment and seeks his immediate release as relief, he must bring that type of claim in a petition for a writ of habeas corpus after exhausting his state court remedies as required by 28 U.S.C. § 2254. And had this Court construed Plaintiff to claim that he was unlawfully confined in the STU, that claim would lie "at the core of habeas corpus" *id.* at *1, and would be subject to dismissal without prejudice as improperly brought in this § 1983 action. Indeed, Plaintiff currently has a habeas case pending in this District, which presumably challenges the validity of his civil commitment. (Tinsley v. Warden, No. 24-9673 (JKS).) Plaintiff is also collaterally challenging a Pennsylvania sex crime conviction, and the Third Circuit Court of Appeals granted a certificate of appealability in that case. (*See* Tinsley v. Court of Common Pleas, No. 23-1174, Dkt. No. 19.) Although Plaintiff views these challenges as related to the instant civil rights action, such challenges are properly brought as habeas petitions and not in this action. For these reasons, Plaintiff's motion for reconsideration is denied.

The Court next addresses Plaintiff's Amended Complaint and other submissions, which the Court has reviewed. Plaintiff's Amended Complaint, among other things, explicitly seeks to challenge the validity of his civil commitment and asks the Court to award him damages for wrongfully civilly committing him and failing to return him to Pennsylvania. (*See* ECF No. 17.) As discussed above, these claims may not be brought in a civil rights action. At this time, the Court will provide Plaintiff with an opportunity to withdraw his Amended Complaint and submit a Second Amended Complaint that focuses on curing the deficiencies in those claims he pleaded in the original Complaint. Plaintiff may submit a Second Amended Complaint within 45 days. Alternatively, Plaintiff is free to clarify the type of action he is trying to bring. If he fails to elect

an option within 45 days, the Court will screen his Amended Complaint for dismissal and will dismiss without prejudice all claims that improperly seek habeas relief.

**IT IS,** on his 30th day of October 2025,

**ORDERED** that the Clerk of the Court shall mark this matter as **OPEN** so the Court can consider Plaintiff's submissions; and it is further

**ORDERED** that the Plaintiff's motion for an extension of time (ECF No. 15) is **GRANTED** and his motion for reconsideration of the Court's screening Memorandum Opinion and Order (ECF No. 15) is **DENIED** for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that the Clerk of the Court shall not file the Amended Complaint at ECF No. 17 at this time; and it is further

**ORDERED** that Plaintiff is provided leave to withdraw his Amended Complaint and submit a Second Amended Complaint within 45 days that focuses on curing the deficiencies in the claims he asserted in his original complaint; alternately, he is free to clarify the type of action he seeks to bring; and it is further

**ORDERED** that if Plaintiff does not submit a Second Amended Complaint or clarify the type of action he is bringing within 45 days, the Court will screen the Amended Complaint at ECF No. 17 and will dismiss without prejudice all claims that necessarily seek to invalidate his civil commitment, as that type of claim may only be brought in a habeas petition; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case until Plaintiff submits an Amended Complaint or the time to do so expires; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order and

accompanying Memorandum Opinion to Plaintiff at the address on file

_____

Hon. Madeline Cox Arleo, U.S.D.J.